674

**Jin Feng NI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70261, A77–589–316.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Jin Feng Ni, Spring Lake, NC, pro se.

Teodora D. Harizanova, Law Offices of Jian X. Kang, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Peter D. Keisler, Genevieve Holm, Earle B. Wilson, Anthony W. Norwood, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM**

Jin Feng Ni, a native and citizen of China, petitions for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the IJ identified several inconsistencies in Ni's testimony that went to the heart of her claim regarding her membership in the Chong Cheng sect of the Catholic Church, and the treatment that she and her father received at the hands of Chinese authorities. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). The record does not compel the conclusion that Ni's testimony was credible. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). Accordingly, Ni failed to establish eligibility for asylum or withholding of removal. *See id.*

Substantial evidence supports the IJ's conclusion that Ni is not entitled to relief under the CAT because she did not demonstrate that it is more likely than not that she would be tortured upon return to China. *See Malhi*, 336 F.3d at 993.

Ni's contention that the IJ erred by considering country condition reports lacks merit. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (where a petitioner has not established past persecution, the IJ is entitled to rely on all relevant evidence in the record in considering whether the petitioner has a reasonable fear of future persecution).

**PETITION FOR REVIEW DENIED.**